## J. GARDNER KENYON, APPELLANT,

### v.

### ROBERT KNIPE ET AL., APPELLEES.

While this Court does not pass upon the validity of a deed acknowledged before a county auditor in the year 1867, and not authenticated by his official seal, it holds that if such deed were, for that reason, defective, the defect was remedied by the curative act found on page 481, Laws of Washington Territory, 1873.

APPEAL from Third Judicial District, holding terms at Seattle.

A sufficient statement of the case will be found in the opinion.

*A. L. Palmer* and *G. T. Thorne*, for Appellant.

The Court erred in rejecting the deed of A. A. Denny and wife to J. Gardner Kenyon, offered in evidence on the trial of said cause, marked " Exhibit B."

Defendants object to the introduction of the deed in evidence, on the ground that it is not acknowledged properly to entitle it to record. The official seal of the county auditor, who took the acknowledgment, bore the legend, " Commissioners' Court, King County, W. T." with " Dirago" in the center. The evidence shows the acknowledging officer testified " that was his official seal : the only official seal he had ; it was his signature to the acknowledgment ; that he saw A. A. Denny and his wife sign their names, and both the witnesses sign their names ; that he used said seal on all the deeds acknowledged before him during his term of office, and delivered it to his successor in office ; that it was furnished him by his predecessor " by authority of the Territorial Legislature, as appears in Sec. 2725, Code of Washington, 1876. The county auditor was also Clerk of the Board of County Commissioners. (Laws of Washington, 1854, Sec. 2 ; 707 Code W. T., 1881.)

It appears that the same Legislature that required him to have and use a seal, authorized him to use this identical seal. And this has been the law and custom in all the counties throughout this Territory for thirty years, and is now the law. (Sec. 2724, Code, 1881.)

We think this seal is all the law requires, and that the acknowledgment is good. (Laws of Washington Territory, 1863, 495, 551; Sec. 17, 430 ; Laws of 1866, 53, 54.)

It is the policy of the law to uphold certificates of acknowledgments where substance is found, and not to suffer conveyances to be defeated by technical or substantial objections. (*Carpenter* v. *Dexter*, 8 Wallace, 513 ; *Fogg* v. *Holcomb*, Vol. 21, No. 2, Northwestern Reporter, 111 ; 12 California Rep. 580; 1 Wash. Rep. 104; Northwestern Reporter, Vol. 9, 31.)

3d. If the acknowledgment was defective, it has been cured by the laws of Washington Territory, so that said deed is notice to all parties from the time it was recorded. (Laws of Washington Territory, approved November 10, 1873, 481 ; Code,

1881, Sec. 2323; *Trestam W. Tidd et al.* v. *Charles H. Rines et al.*, Bound Vol. No. 2, Northwestern Reporter, 497; *Williams et al.* v. *Livingston*, Bound Vol. 9, Northwestern Reporter, 31; *Sutterlee* v. *Mathewson*, 2 Peters, 458, 380; *Watson* v. *Mercer,* 8 Peters, 88, 110, 111; *Fogg* v. *Holcomb*, Vol. 21, No. 2, Northwestern Reporter, 111; *William B. Skellinger* v. *Edward S. Smith*, 1 Washington Territory Reports, 369—Greene, Chief Justice.)

*C. H. Hanford,* and *Burke, Haller & Rasin,* for Appellees.

The pretended deed under which the appellant claims title is void, because it was not acknowledged. (Laws of W. T., 1863, 430.)

A deed to be valid must be acknowledged. The statutes do not by any express provision prescribe the manner in which the acknowledgment shall be proved, or a certificate of acknowledgment authenticated; but it is apparent that the expression " acknowledged," as used by the Legislature, signifies not only the act of the party in affirming the execution of the instrument, but also the proof of acknowledgment. (1 Rapalje & Lawrence's Law Dictionary, 15; *Mann* v. *Young*, 1 Wash. Ter. 461; *Smith* v. *Hunt*, 42 American Decisions, 202.)

Parol evidence of acknowledgment is not admissible. *National Bank* v. *Paul*, 40 American Reports, 740.

The law requires the County Auditor to have an official seal. And the Legislature must have intended that the seal should be used to authenticate his official acts. (See Laws of 1863, p. 551, Sec. 16.)

An official certificate by an officer required to have an official seal is not valid without the seal. (Proffat on Notaries, Sec. 38; Martindale on Law of Conveyancing, Sec. 261; Warvelle on Abstracts, 172, note 3; *Wetmore* v. *Laird*, 5 Bissell, 160; *Hastings* v. *Vaughn*, 5 California, 315; *Livingston* v. *Kettelle,* 41 American Decisions, 173; *Buel* v. *Irwin*, 24 Michigan, 145; *Stephens* v. *Williams*, 46 Iowa, 540; *Booth* v. *Cook*, 20 Illinois, 129; *Jewett* v. *Darlington*, 1 Wash. Ter. 601; *Coleman* v. *Yesler*, Ibid, 592; *Richards* v. *Randolph*, 5 Mason, 115.

The law specifies that the seal of the Board of County Commissioners shall be provided to authenticate the acts of the

Board.   Any other use of the seal is, therefore, unauthorized, and an official certificate cannot be legally authenticated by the improper use of a public seal.   (Laws of 1863, 542, Sec. 10.)

The general policy of the Legislature of this Territory has been to require all conveyances of real estate to be proved, acknowledged and authenticated in such a manner as to insure the highest degree of certainty in the records, and to prevent forgery and fraud; and with this object in view, the use of official seals in certifying acknowledgments has been deemed important.   (Laws of 1868, 45.)

A deed not duly acknowledged and authenticated is not entitled to be recorded ; and the record of such an instrument is not valid to charge subsequent *bona fide* purchasers with notice. (Wade on Notice, Sec. 112; Martindale's Law of Conveyancing, Sec. 271; *Graves* v. *Graves*, 6 Gray, 391 ; 3 Washburn on Real Property, 4th ed. 319.

Opinion by TURNER, Associate Justice.

This action was brought by the appellant in the Court below, to abate an alleged nuisance erected and maintained by the appellees on the frontage to property of the appellant, known as Lots 6 and 7 in Block "B," in A. A. Denny's Addition to Seattle, which property abuts on the waters of Elliott's Bay, an arm of the sea.   Said Lots 6 and 7 abut on and extend below the line of high tide, and the wharf and other structures alleged to be a nuisance are erected between the line of low tide and deep water, directly in front of said Lots 6 and 7.

The appellees denied the material allegations of the complaint, and pleaded several affirmative defenses ; and to the affirmative defenses the appellant replied.

After hearing, the judgment of the Court below was for the appellees, and the cause is brought to this Court by appeal.

Upon the trial below, the appellant offered in evidence, to prove his title to the property in dispute, a deed from A. A. Denny and wife, executed in 1867.   Objection was made to the introduction of this deed in evidence, because the acknowledgment of the deed made before the Auditor of King County, was not authenticated by the official seal of that officer.   The Court sustained the objection, and the deed was rejected.   To this ruling the appellant excepted, and his exception was allowed.

Without deciding whether a deed acknowledged before the auditor of a county, and not authenticated by his official seal, is void, we hold that the defect in the acknowledgment of this deed, if there was any defect, was cured by the act of the Territorial Legislature approved Nov. 10th, 1873, entitled " An Act Curing Defective Acknowledgments." (Laws of Washington, 1874, p. 481.)

We think the cause must be returned to the lower Court for this error. The most important questions presented by the affirmative defenses hinge upon the recitals of the deed which was excluded from the evidence; and as to all of the questions, we doubt whether this initial error did not operate to prevent a full and fair investigation in the Court below.

The judgment of the Court below is reversed, and the cause remanded for further proceedings.

We concur: S. C. WINGARD, Associate Justice.
            JOHN P. HOYT, Associate Justice.